UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAT ZHEN,                                          Case No.: 3:22-cv-829-TJC-MCR

      Plaintiff,

v.

TIAA, FEDERAL SAVINGS BANK,

      Defendant.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW Defendant, TIAA, FSB d/b/a TIAA BANK ("Defendant"), by and through its

undersigned counsel, and pursuant to Rule 12(b)(6), Fed. R. Civ. P., respectfully moves for the entry

of an Order dismissing Plaintiff's Amended Complaint.  In support hereof, Defendant states as

follows:

I.      **INTRODUCTION**

Plaintiff commenced this action against Defendant for alleged wrongful conduct

concerning his application for a credit account (the "Account").[1] Although Plaintiff's allegations

are improperly pled and are difficult to decipher, Plaintiff appears to allege that he applied for the

Account, supplied incorrect social security information, and that Defendant thereafter improperly

took adverse action by closing the Account. *See* Amended Compl., ¶¶ 4-23. Out of these simple

facts, Plaintiff interposed a myriad of unmeritorious claims that are unsupported by facts or

applicable law. Plaintiff asserts conclusory claims for alleged violations of the Fair Credit

---

[1] Defendant notes for purposes of background information that Plaintiff, by his own admission,
provided Defendant with an incorrect social security number (*see* D.E. 7, ¶¶ 6, 10) and that Defendant
closed the Account on or about July 27, 2021.

Reporting Act disclosure and reporting requirements (Counts I, II, IV, V, VI and VII); § 4307 of

the Truth in Savings Act (Count III); Expedited Funds Availability Act (Count VIII); Breach of

Fiduciary Duty (Count IX); Breach of the Implied Covenant of Good Faith and Fair Dealing (Count

X); Unjust Enrichment (Count XI); and Breach of Contract (Count XII). *See id*. Plaintiff's

Amended Complaint is deficient as a matter of law as it does not plead a single viable or actionable

claim against Defendant. Accordingly, the Amended Complaint should be dismissed in its entirety

with prejudice.

## II.   PROCEDURAL BACKGROUND

On August 16, 2021, Plaintiff commenced this action by filing a Complaint against

Defendant alleging, *inter alia*, FCRA violations. (D.E. 1). Plaintiff moved for leave to proceed *pro

se* via a letter motion.  (D.E. 2).  On August 20, 2021, Plaintiff's request to proceed *pro se* was

granted by docket entry Order. On January 19, 2022, the Court issued an Order to Show Cause

directing Plaintiff to explain in writing by February 14, 2022, why this matter should not be

dismissed for lack of prosecution. (D.E. 5). On February 23, 2022, after Plaintiff's time to respond

had already expired, Plaintiff filed a response indicating, among other things, that he would be

serving an Amended Complaint.  (D.E. 6).  Defendant received the purported Amended Complaint

(the "Amended Complaint") and now moves to dismiss this action with prejudice.

## III.   ARGUMENT

**A.   PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**(1)   Legal Standard**

A motion to dismiss tests the sufficiency of a plaintiff's pleading.  On a motion to dismiss, a

court must accept all factual allegations in the complaint as true and draw all inferences in plaintiff's

favor, a claim must be "plausible on its face" to avoid dismissal. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if its tenders 'naked assertion[s] devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Although a court must accept the plaintiff's factual allegations as true, it must "ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim." *Gracia v. Law Offices of Alexander E. Borell, P.A.*, 535 F. Supp. 3d 1268, 1269 (M.D. Fla. 2021). As explained below, even taking Plaintiff's allegations in the Amended Complaint as true, *arguendo*, Plaintiff does not state a claim against Defendant. As such, Plaintiff's Amended Complaint should be dismissed with prejudice.

**(2)     Plaintiff's Complaint is Deficiently Pled and Must Be Dismissed.**

Plaintiff's Amended Complaint does not comport with the requirements of pleading with specificity and must be dismissed on that basis alone. *See* FRCP Rule 1 (providing that the Federal Rules of Civil Procedure "should be construed…to secure the just, speedy, and inexpensive determination of every action and proceeding.).[2]

Here, the precise legal basis for Plaintiff's claims is unclear. Plaintiff has interposed an Amended Complaint asserting general conclusory allegations of wrongdoing against Defendant and purported violations of federal statutes, but Plaintiff failed to identify the specific provisions that he claims Defendant violated. Plaintiff does not provide any specific references to the disputed terms of the subject Account Agreement (the "Agreement") but, rather, consists of conclusory allegations devoid of facts to support his claims, including terms allegedly breached, dates, timeframes, actions taken, and/or specific references to statutes violated. As a result of Plaintiff's improper pleading, the Amended Complaint should be dismissed outright.

---

[2] *See also* FRCP Rule 8 (requiring "a short and plain statement"). Additionally, a "complaint must provide the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *Blair v. Philips Elecs. N. Am. Corp.*, No. 8:16-CV-3529-T-30JSS, 2017 WL 770960, at *1 (M.D. Fla. Feb. 28, 2017) (quoting *Twombly*, 550 U.S. at 545)).

**(3)     Plaintiff Fails to State a Claim for a Violation of 15 U.S.C. § 1681m(a) of the Fair Credit Reporting Act ("FCRA").**

Plaintiff does not state a claim for an alleged violation of § 1681m(a) of the FCRA. Plaintiff baldly asserts that Defendant failed to comply with § 1681(m)(a) by willfully and negligently failing to meet disclosure requirements under the statute. *See* Amended Compl., Counts I-II. First and foremost, Plaintiff does not have a private right of action under the statute. Nevertheless, Plaintiff fails to plead sufficient facts to show a willful or negligent violation by Defendant as required under 15 U.S.C. § 1681m(a). Thus, Plaintiff's purported claims for violations of § 1681m(a) against Defendant must be dismissed outright.

*i.   Plaintiff Does Not Have a Private Right of Action Under § 1681m.*

Federal courts have dismissed claims brought by private litigants pursuant to Section 1681m on the basis that there is no private right of action under that statute. *See Monroe v. Am. Int'l Group, Inc.*, No. 04-61621-CIV, 2006 WL 8433385, at *1 (S.D. Fla. Apr. 24, 2006) ("holding that the language of 15 U.S.C. § 1681m(h)(8) "removes the right to bring a private cause of action for violations of 1681m").[3] As Plaintiff does not have a private right of action for an alleged violation of § 1681m, this claim is deficient and should be dismissed.

*ii.   There Was No Willful Violation of § 1681m(a) By Defendant.*

Notwithstanding that Plaintiff does not have a private right of action under § 1681m, Plaintiff fails to plead "willful noncompliance". "In order to show willful noncompliance with the FCRA, the plaintiff must show that the defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" *Soroka v. Homeowners Loan Corp.*, No. 8:05 CV 2029 T 17MAP, 2006 WL 4031347, at *2 (M.D. Fla. June 12, 2006) (quoting *Bakker v. McKinnon*, 152 F.3d 1007,

---

[3] *See also, Alibris v. ADT LLC,* No. 9:14-CV-81616, 2015 WL 5084231, at *6 (S.D. Fla. Aug. 28, 2015) (concluding that § 1681m(h)(8) forecloses private enforcement of section 1681m(a)); and *Shaw v. Yorke*, No. 8:11-CV-00076-EAK, 2011 WL 2563177, at *3 (M.D. Fla. June 28, 2011) (no private cause of action under § 1681m).

1013 (8th Cir. 1998)).

Plaintiff did not plead any facts to support his bare allegation that Defendant willfully failed to, or refused to comply with, any obligations due under § 1681m(a). *See* Amended Compl., ¶¶ 27-35. Section 1681m(a) sets forth the duties of users taking adverse actions based upon information contained in consumer reports, including, among other things, providing notice of the adverse action and a disclosure to the consumer. *See* § 1681m(a). Here, Plaintiff baldly accuses Defendant of willfully taking adverse action by failing to issue disclosures to him. Plaintiff fails to allege specific facts as to Defendant's mental state, and Plaintiff does not plead facts to establish that Defendant acted willfully or knowingly as required by the statute. Rather, Plaintiff solely relies upon bare conclusory statements that do not meet his pleading burden. Accordingly, Plaintiff's allegations do not set forth a cognizable claim against Defendant.

*iii. There Was No Negligent Violation of § 1681m(a) By Defendant.*

No negligence is pled in the Amended Complaint. A negligent violation of the FCRA "permits actual damages and attorneys' fees." *Younger v. Experian Info. Solutions, Inc.*, 817 Fed. Appx. 862, 869 (11th Cir. 2020) (*citing* 15 U.S.C. § 1681o).[4] Generally, a *prima facie* showing of negligence requires a showing by a plaintiff "(1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1305 (S.D. Fla. 2021). Plaintiff merely relies upon conclusory allegations that Defendant negligently violated § 1681m by purportedly failing to serve a disclosure. Plaintiff's deficient pleading does not demonstrate a purported duty owed to him by

---

[4] Actual damages must be alleged for a claim of negligent violation of the FCRA under § 1681o. *Younger,* 817 Fed. Appx. at 869; *see Cowley v. Burger King Corp.*, No. 07-21772-CIV-MORENO/TORRES, 2008 WL 8910653, at *5 (S.D. Fla. 2008) ("Plaintiff does not claim to have suffered any actual damages, therefore a finding that Defendant negligently violated section 1681c(g)(1) would yield no recovery").

5

Defendant, a breach thereof, or damages caused by Defendant's conduct. Accordingly, Plaintiff fails to state a claim for a negligent violation of § 1681m(a) and this Count must be dismissed.

### (4)   Plaintiff Fails to State a Claim for a Violation of 12 U.S.C. § 4307 of the Truth In Savings Act.

Count III of the Amended Complaint alleges a purported violation of 12 U.S.C. § 4307. (D.E.1). Section 4307 falls within the Truth in Savings Act ("TISA") at 12 U.S.C. §§ 4301, et seq., and governs periodic statements sent by a depository institution. *See e.g.* § 4307. Critically, § 4307 requires that a periodic statement "**include**…a clear and conspicuous disclosure of…"(1) The annual percentage yield earned[;] (2) The amount of interest earned[;] (3) The amount of any fees or charges imposed[;] [and] (4) The number of days in the reporting period." *Id.* [*emphasis added*].

Plaintiff does not state a claim for a violation of § 4307 because (a) he does not have a private right of action under the statute and (b) even if he did, *arguendo*, his deficient pleading does not state a viable cause of action under the statute. Plaintiff's sparse and conclusory allegation that Defendant "refused" to provide periodic monthly statements is deficiently plead. *See* Amended Compl., at ¶ 39. More specifically, Plaintiff does not allege that a periodic statement was sent by Defendant or that the statement did not include the information required under the statute. In fact, Plaintiff alleges that periodic statements were never provided to him. Amended Compl., ¶ 26. Accordingly, Plaintiff does not plead a claim under § 4307 against Defendant, and this Count should be dismissed.

Regardless, TISA no longer provides for a private right of action and thus Plaintiff cannot pursue a claim for a violation of § 4301 against Defendant.[5]  In his Amended Complaint, Plaintiff solely attempts to assert a claim under § 4307 based upon alleged conduct that took place in 2021, well after Congress had already repealed a private right of action for private plaintiffs under TISA.

---

[5] *Alfaro v. Bank of Am., N.A.*, 2021 WL 1149889, T *6 (S.D. Fla. February 23, 2021) ("There is no private cause of action under TISA") .

As such, Plaintiff does not have a private right of action against Defendant for the alleged conduct.

Even were the Court to consider Plaintiff's allegations in the Amended Complaint, Plaintiff fails to include sufficient factual allegations of an alleged violation of § 4307. Specifically, Plaintiff does not allege facts indicating that a periodic statement was sent by Defendant or that the statement did not include the information required under the statute. Rather, Plaintiff seemingly attempts to argue that simply because his account was closed, in connection with Plaintiff tendering incorrect information to Defendant, that somehow serves as the basis for a violation under the statute governing the contents of periodic statements. *See e.g.* Amended Compl., Count III. Plaintiff pleads, in contradictory fashion, that periodic statements were never provided to him. *Id.*, ¶ 26. The statute is clearly not applicable here because Plaintiff does not allege a periodic statement was sent or that the contents of such a statement were somehow deficient or lacking.  As such, this purported claim must be dismissed.

**(5)     Plaintiff Fails to State a Claim for a Violation of 15 U.S.C. § 1681q.**

The Complaint alleges claims for purported violations of FCRA § 1681q at Counts IV and V. *See* Amended Compl., Counts IV, V. Plaintiff's claims asserting violations of § 1681q are based upon conclusory allegations that Defendant willfully and negligently obtained a consumer report under false pretenses, which deficient pleading is insufficient to state a claim. *See id.*, ¶¶ 41-54. Initially, these purported claims fail as the operative statute is § 1681b(f), which Plaintiff does not cite to. Even under the proper standard, Plaintiff does not plead that Defendant has obtained a consumer report under false pretenses, nor can Plaintiff credibly allege same. Plaintiff alleges that Defendant obtained his information from consumer reporting agencies and falsely represented that Plaintiff applied for a credit account. *See* Amended Compl., ¶¶ 43-46, 50-52. Plaintiff does not plead specific facts of misleading conduct by Defendant or that Defendant obtained a consumer report for an impermissible purpose. Accordingly, Plaintiff does not plead a viable claim against Defendant

under § 1681q.

Section § 1681q of the FCRA imparts criminal liability upon "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." § 1681q. "[I]ntentionally obtaining a credit report under the guise of a permissible purpose while intending to use the report for an impermissible purpose can constitute false pretenses under § 1681q." *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1214, 2019 (11th Cir. 2019). Section § 1681b(f) provides a list of the limited circumstances under which a user of credit reports may utilize a consumer report.  The elements of a permissible purpose claim under 15 U.S.C. § 1681b(f) include: "(i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." *Forbes v. Concord Advice, LLC*, No. 8:20-cv-405-T-33AEP, 2020 WL 7421383, at *20 (M.D. Fla. May 5, 2020) (citing *Sullivan v. Wells Fargo Bank, N.A.*, 418 F. Supp. 3d 939, 954 (S.D. Ala. 2019)).

Here, Plaintiff alleges that Defendant violated § 1681q but does not specifically allege the elements required for a showing of false pretenses sufficient to state a claim under § 1681b(f). Plaintiff alleges that Defendant "obtained information on [him] from a consumer reporting agency" on two occasions, and that Defendant falsely represented that Plaintiff applied for a credit account. *See* Amended Compl, ¶¶ 43-46, 50-52. Plaintiff did not allege specific facts that Defendant purportedly engaged in misleading conduct that was calculated to obtain reporting information. Further, Plaintiff does not allege facts showing that Defendant obtained a consumer report for an impermissible purpose. Notably, Plaintiff also does not allege any facts as to Defendant's purported mental state. As such, Plaintiff does not plead a claim for a violation of § 1681q or § 1681b(f).

Further, Plaintiff alleged that Defendant obtained his credit reporting information in

connection with processing his account application, which is a pending business transaction for which there would be a legitimate need for the report and thus cannot – and does not - give rise to a violation of § 1681q. *See* Amended Compl., ¶¶ 7-8 (describing the alleged "adverse action" as a "condition of processing [his] account application," including accessing information from a consumer reporting agency).[6] Accordingly, Plaintiff's attempted claim under § 1681q must be dismissed.

### (6)    Plaintiff Fails to State a Claim for a Violation of 15 U.S.C. § 1681s-2.

Counts VI and VII of the Amended Complaint allege purported violations of 15 U.S.C. § 1681s-2. (D.E. 7). Plaintiff does not state a claim for a violation of § 1681s-2 for several reasons. First, Plaintiff does not have a private right of action to pursue a claim under § 1681s-2(a). Second, Plaintiff does not identify which provision(s) of the statute Defendant purportedly violated. Accordingly, Defendant has not been given proper notice of the claim. *See Blair v. Philips Elecs. N. Am. Corp.*, No. 8:16-CV-3529-T-30JSS, 2017 WL 770960, at *1 (M.D. Fla. Feb. 28, 2017) (quoting Twombly, 550 U.S. at 545) (noting a "complaint must provide the defendant 'fair notice of what the … claim is and the grounds upon which it rests.'").

With respect to § 1681s-2(b), Plaintiff does not identify any inaccurate reporting or set forth allegations showing that a duty was triggered requiring Defendant to conduct an investigation. Instead, Plaintiff pleads, in conclusory fashion and without specificity, that Defendant reported incorrect information that he applied for two credit accounts. *See* Amended Compl., ¶¶ 57, 63. There are no facts plead to show that a credit report was ever issued, which included an inaccuracy based upon information furnished by Defendant; nor are there facts to show a reporting of multiple

---

[6] *See also Hernandez v. Int'l Mall Motor Co.*, No. 06-21516-CIV, 2007 WL 9702903 , at *5 (S.D. Fla. Mar. 19, 2007) ("Under § 1681b, anyone with a 'legitimate business need for the information in connection with a business transaction that is initiated by the consumer' may permissibly access a consumer credit report").

credit applications. Additionally, Plaintiff fails to plead sufficient facts to show a willful or negligent violation of the FCRA by Defendant. Accordingly, Plaintiff does not plead a viable claim in his Counts VI-VII, which should be dismissed.

> i.  *Plaintiff Does Not Have A Private Right Of Action Under § 1681s-2(a).*

Critically, to the extent that Plaintiff intended to assert a claim for a violation of § 1681s-2(a) based upon alleged inaccurate reporting by Defendant, he lacks standing to do so as he does not have a private right of action under the statute. "[T]he only private right of action consumers have against furnishers is for a violation of § 1681s–2(b), which requires furnishers to conduct an investigation following notice of a dispute." Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312–13 (11th Cir. 2018); *see also Dressler v. Florida Dep't of Educ.*, No. 2:18-CV-311-JES-MRM, 2022 WL 464204, at *7 (M.D. Fla. Feb. 15, 2022). Thus, Plaintiff's claim based upon § 1681s-2(a) fails as a matter of law and should be dismissed.

> ii.  *Plaintiff Does Not Plead A Claim Under § 1681s-2(b).*

To state a claim under section § 1681s–2(b), "a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that had the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information." *Felts*, 893 F.3d at 1313. Generally, under the FCRA, a credit report is inaccurate when it is either patently incorrect or when it is materially misleading, that is, "so misleading that it is objectively likely to cause the intended user to take adverse action against its subject." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020). To evaluate whether an account is materially misleading courts will look to the reporting of the account in its entirety rather than an isolated field. *See id.*

Plaintiff alleges that Defendant reported incorrect information to Lexis Nexus Risk

Solutions "that he applied for two credit accounts." Amended Compl., at ¶¶ 57, 63. This conclusory statement does not satisfy Plaintiff's pleading burden required by the statute.

Additionally, to state a claim under § 1681s-2(b) for failure to conduct a reasonable investigation, Plaintiff must allege that Defendant received notice of a credit dispute from a consumer reporting agency, which he has failed to do. *See Felts*, 893 F.3d at 1312 ("Furnishers of information, including mortgage lenders, are required … conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher"). Plaintiff does not allege that Defendant failed to conduct a reasonable investigation; nor does Plaintiff allege that Defendant received the required notification to trigger a duty to conduct an investigation. Accordingly, Plaintiff does not state a claim under § 1681s-2(b).

If Plaintiff intended to argue that Defendant's investigation duties under § 1681s-2(b) were triggered by Plaintiff's alleged notification to Defendant of a reporting error, such an argument fails as a matter of law as an investigation is not required based upon Plaintiff's conduct. *See e.g. Green v. RBS Nat. Bank,* 288 Fed. Appx. 641, 642 (11th Cir. 2008) ("The FCRA does provide a private right of action for a violation of § 1681s–2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency").

Notwithstanding the foregoing deficiencies, Plaintiff fails to state a claim for a violation of the FCRA because he does not plead specific facts showing actual damages. "It is well-established that actual damages are an element of a FCRA claim," and a plaintiff must present evidence substantiating actual damages. *Stroud v. Bank of Am.,* 886 F. Supp. 2d 1308, 1325 (S.D. Fla. 2012). Here, Plaintiff only makes conclusory statements as to damages that are devoid of any specific facts showing that he incurred actual damages caused by Defendant (and in what amount); thus, Plaintiff's statements as to damages under the FCRA are deficiently pled and cannot support a cause of action.

Based upon the foregoing, Plaintiff does not state a claim under § 1681s-2 and his attempted

claims against Defendant for a violation of § 1681s-2 must be dismissed in their entirety.

### B.    Plaintiff Fails to State a Claim for a Violation of 12 U.S.C. §§ 4001, et seq.

Count VIII of the Amended Complaint does not state a viable claim against Defendant under 12 U.S.C. §§ 4001, et seq., which set forth the regulations underlying the Expedited Funds Availability Act ("EFAA"). (D.E. 7). Plaintiff generally alleges that Defendant deposited funds and that Defendant violated the statute by prohibiting his access. (D.E. 7, ¶ 68). First, Plaintiff does not identify a specific provision of the EFAA that Defendant allegedly violated but rather vaguely and improperly alleges that Defendant violated all statutes under the EFAA, which renders his Amended Complaint deficient as a matter of law.

Moreover, Plaintiff does not plead facts to show a violation of the EFAA. Generally, the EFAA standardizes the hold periods on certain deposits made to commercial banks and regulates deposit holds.  *See Bank One Chi., N.A. v. Midwest Bank & Trust Co*., 516 U.S. 264, 266 (1996). Section 4002 governs expedited funds availability and sets forth in pertinent part, with respect to cash deposits and wire transfers, that "such cash or funds shall be available for withdrawal not later than the business day after the business day on which such cash is deposited or such funds are received for deposit." 12 U.S.C. § 4002(a)(1). Additionally, § 4002(a)(2) concerns government checks and certain other checks and provides that "[f]unds deposited in an account at a depository institution by check shall be available for withdrawal not later than the business day after the business day on which such funds are deposited in the case of--…a check…" 12 U.S.C. § 4002(a)(2)(A), (B), (C).  With respect to new accounts, § 4003 provides for next business day availability of cash and certain other enumerated items. *See* § 4003(a)(1).

In the Amended Complaint, however, Plaintiff does not plead facts sufficient for a claimed

violation of the EFAA.  Missing from Plaintiff's sparse and conclusory allegations are a method for his alleged deposit, the amount of the funds, and a date that the funds were deposited. Tellingly, Plaintiff also fails to allege any facts showing that Defendant violated timing requirements under the EFAA. Accordingly, Plaintiff does not allege an actionable claim under the EFAA against Defendant. To the extent Plaintiff argues that he was temporarily denied access to his account funds, federal courts have expressly held in similar circumstances that placing a hold on or freezing funds contained in an account does not violate the EFAA.[7]

Additionally, Plaintiff does not state a claim for a violation of § 4010(a) because he does specify any damages. *See Houman v. Lewis*, No. 09-82271-CIV, 2010 WL 2331089, at *2 (S.D. Fla. June 10, 2010) (Section 4010 provides "for specified damages."). Based upon the foregoing, Plaintiff does not state a claim under the EFAA, and therefore Count VIII must be dismissed.

### C.  Plaintiff Does Not State A Claim For Breach Of Fiduciary Duty.

Count IX of the Amended Complaint alleges breach of fiduciary duty. (D.E. 7). Plaintiff alleges that Defendant breached a fiduciary duty by purportedly denying access to the Account, retaining his deposit, and failing to provide periodic statements. (D.E. 7, ¶ 73).  Plaintiff's allegations

---

[7] *See e.g. Frost Nat'l Bank v. Parker*, No. 95-2150, 1999 WL 33438078, at *14 (C.D.Ill. Feb. 26, 1999) (no EFAA violation where deposit agreement allowed freezing of provisional credits) (*aff'd sub nom*); *see also Frost Nat'l Bank v. Midwest Autohaus, Inc.*, No. 99–3872, 241 F.3d 862 (7th Cir. Feb. 23, 2001); *Little Donkey Enters. Wash., Inc. v. U.S. Bancorp*, No. 04–35018, 136 F. App'x 91, at * 92 (9th Cir. June 20, 2005) ("Merely placing a hold on or freezing funds in an account after the deposits have been made available is not a violation of the [EFAA]"); *Vanco v. J.P.Morgan Chase Bank, N.A.*, No. 16 C 3682, 2017 WL 1364757, at *5 (D.Md. Apr. 14, 2017) (placing a hold on plaintiff's account "does not constitute a breach of the EFAA"); *Nix v. NASA Fed. Credit Union*, Civil No. PJM 15- 2317, 200 F. Supp. 3d 578, 587 (D. Md. 2016) (freezing funds after the deposits had been made available not a violation of the EFAA); *Anderson v. USAA Fed. Sav. Bank*, No. 13 C 1316, 2013 WL 4776728, at *2 (D.S.C. Sept. 4, 2013) (adopting 9th Circuit approach that "[m]erely placing a hold on or freezing funds in an account after the deposits have been made available is not a violation of the Funds Act"); *Rohillco Bus. Servs. LLC*, Case No. 3:15-cv-02270-SB, 2016 WL 4051296, at *6 (D.Or. June 24, 2016) (dismissing breach of contract claim because "the Deposit Account Agreement allows Defendant to freeze Plaintiff's accounts, and sets no time limits on the freezing of accounts").

do not state a claim for breach of fiduciary duty, however, because Defendant does not owe Plaintiff a duty, and additionally, Plaintiff failed to plead the required elements for a cause of action for breach of fiduciary duty.

The elements of a fiduciary duty claim consist of: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach. *Med. & Chiropractic Clinic, Inc. v. Oppenheim*, 246 F. Supp. 3d 1329, 1332 (M.D. Fla. 2017).[8] Here, Plaintiff's allegations concerning purported breaches of fiduciary duty fail as a matter of law because they are all based upon the subject Account. Plaintiff alleges that Defendant breached a fiduciary duty by purportedly denying access to the Account, retaining his deposit, and failing to provide periodic statements. (D.E. 7, ¶ 73). Because Plaintiff's allegations stem from his relationship with Defendant regarding the Account, these allegations cannot establish a viable cause of action for breach of fiduciary duty because, as a matter of law, Defendant's relationship with Plaintiff is not a fiduciary one. Accordingly, Count IX does not state a claim and should be dismissed.

### D. Plaintiff Does Not State A Claim For Breach Of Implied Covenant Of Good Faith And Fair Dealing.

Count X of the Amended Complaint alleges breach of the implied covenant of good faith and fair dealing. (D.E. 7). Plaintiff alleges that Defendant is in breach for purportedly blocking access to account information, retaining his deposit without explanation, and failing to provide periodic statements. (D.E. 7, ¶ 77). Plaintiff attempts to plead a claim for breach of implied covenant of good faith and fair dealing, but fails to do so. Plaintiff's conclusory allegations do not show that Defendant acted in an arbitrary or unreasonable manner as to Plaintiff.

---

[8] Generally, courts do not recognize a fiduciary duty between a bank and the bank's customer, as is the case here. *See  Jaffe v. Bank of America, N.A.*, 667 F. Supp. 2d 1299, 1319 (S.D. Fla. 2009) ("Under Florida law, banks ordinarily do not owe fiduciary duties to their customers"); *Lamm v. State St. Bank & Tr. Co.*, 889 F. Supp. 2d 1321 (S.D. Fla. 2012), *aff'd sub nom. Lamm v. State St. Bank & Tr.*, 749 F.3d 938 (11th Cir. 2014); *In re Palm Beach Fin. Partners, L.P.*, 488 B.R. 758 (Bankr. S.D. Fla. 2013).

"[A] claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005). Plaintiff alleges in conclusory fashion that Defendant breached a duty of good faith and fair dealing, which appears to be based upon the deposit agreement concerning the  subject Account. (D.E. 7, ¶¶ 76-78). Plaintiff's allegations that Defendant blocked access to the Account, even taken as true, *arguendo*, do not show that Defendant acted in an arbitrary or unreasonable manner. In fact, Plaintiff openly admits that he supplied incorrect information to Defendant concerning the Account prior to it being closed. (D.E. 7, ¶¶ 6-7, 10).  There are no ultimate facts alleged surrounding Plaintiff's allegation that Defendant retained his deposit without explanation, e.g. steps taken, dates and/or dollar amount(s). Disregarding Plaintiff's conclusory allegations, Plaintiff has failed to plead how Defendant purportedly acted in an arbitrary or unreasonable manner.

In addition, as Plaintiff's claim appears to stem from an alleged breach of the deposit agreement, and Plaintiff simultaneously asserts a breach of contract claim, this claim is duplicative and redundant, and should be dismissed as such.

### E.   Plaintiff Does Not State A Claim For Unjust Enrichment.

Count XI of the Amended Complaint alleges unjust enrichment. (D.E. 7). Plaintiff appears to allege that Defendant was unjustly enriched because it would not return Plaintiff's deposit until after the Account was closed. (D.E. 7, ¶ 83). Plaintiff fails to state a claim for unjust enrichment, as he does not make the requisite showing required for a claim of unjust enrichment. Plaintiff alleges that Defendant returned the deposit to him and therefore Defendant cannot reasonably be said to have inequitably retained a benefit. *See id*. Also, a claim for unjust enrichment is not applicable, nor viable, because the dispute concerns the parties' Account Agreement, and Plaintiff has asserted a claim for breach of contract. (D.E. 7, Count XII).

15

"To establish a claim for unjust enrichment, a plaintiff must show (1) that the 'plaintiff [ ] conferred a benefit on the defendant, who has knowledge thereof'; (2) that the defendant 'voluntarily accept[ed] and retain[ed] the benefit conferred'; and (3) that 'the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.'" *Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2018 WL 1565453, at *3 (M.D. Fla. Mar. 30, 2018).

Plaintiff does not allege facts sufficient for an unjust enrichment claim. Plaintiff does not allege facts demonstrating that Defendant received a benefit that would be inequitable to retain. Plaintiff alleges that Defendant inequitably benefitted by receiving account funds but then contradicts himself by alleging that the funds were returned to him. (D.E. 7, ¶ 83). This inconsistent position highlights the unmeritorious nature of Plaintiff's purported unjust enrichment claim. Furthermore, Plaintiff's allegations appear to arise under the Account Agreement and, as such, a claim based upon unjust enrichment is not available to Plaintiff. [9] For all of these reasons, Count XI of the Amended Complaint fails to state an unjust enrichment claim, and must be dismissed accordingly.

### F.    Plaintiff Does Not State A Claim For Breach of Contract.

Plaintiff attempts to assert a claim for breach of contract in Count XII of the Amended Complaint. (D.E. 7).  Plaintiff vaguely alleges that Defendant failed to provide a notice before closing the account that Defendant would "usually" provide under the Account Agreement. (D.E.

---

[9] *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1322 (S.D. Fla. 2014) ("[A]n "unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter"); *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, 2011 WL 6450769, at *5 (M.D. Fla. Dec. 21, 2011) ("[U]pon a showing that an express contract exists between the parties the unjust enrichment ... count fails"); *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("As there is a valid express contract that no party challenges, Plaintiff may not recover under unjust enrichment, and may not assert it as an alternative claim under Federal Rule 18").

7, ¶¶ 87-89).  Even taking Plaintiff's allegations as true, *arguendo*, Defendant cannot be in breach for failing to provide a notice that it was not required to provide. Additionally, Plaintiff fails to allege any specific conduct of Defendant for which a breach of contract could be supported under the Account Agreement.

"Under Florida law, for a breach of contract claim, Plaintiff must plead and establish: '(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.'" *Doe v. Roe*, No. 17-23333-CIV, 2018 WL 4698886, at *7 (S.D. Fla. Sept. 29, 2018) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).  Plaintiff's breach of contract claim is deficiently pled.  Plaintiff, without producing a copy of the Account Agreement or referencing the specific provisions therein to which his allegations relate, vaguely alleges that Defendant failed to provide a notice to him before closing the Account. (D.E. 7, ¶¶ 87-89). Plaintiff's allegations demonstrate, however, that there was no breach even if Defendant did not provide a purported notice to Plaintiff because even the portion quoted by Plaintiff does not mandate that Defendant provide a particular notice to Plaintiff. *Id*. Furthermore, Plaintiff does not alleged that he incurred damages pursuant to a purported breach of a specific provision of the Account Agreement. As such, Count XII must be dismissed as a matter of law.

## IV.    CONCLUSION

For all of the reasons set forth above, the Court should dismiss the Amended Complaint, with prejudice, in its entirety.

## V.    CERTIFICATION UNDER LOCAL RULE 3.01(g)

In compliance with Local Rule 3.01(g), undersigned counsel certifies that she has conferred with Plaintiff by e-mail on August 18, 2022, in a good faith effort to resolve the issues raised in this Motion.  Undersigned counsel further certifies that Plaintiff opposes the relief requested herein.

Dated: August 18, 2022.

                                        **MCGLINCHEY STAFFORD**

                                        */s/ Kimberly Held Israel*
                                        Kimberly Held Israel, Esq.
                                        Florida Bar No.: 47287
                                        10407 Centurion Pkwy. N., Suite 200
                                        Jacksonville, FL 32256
                                        Tel: (904) 224-4449
                                        Fax: (904) 485-8083
                                        E-mails: kisrael@mcglinchey.com
                                                    cgipson@mcglinchey.com
                                        ***Attorney for Defendant, TIAA, FSB d/b/a***
                                        ***TIAA BANK***


                            <u>**CERTIFICATE OF SERVICE**</u>

        I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished,

via U.S. Mail and E-mail, this **18**th day of **August, 2022**, to:

Mr. Pat Zhen
411 Walnut St., #7353
Green Grove Springs, FL 32043
legal@patzhen.com
*Pro Se Plaintiff*

                                        */s/ Kimberly Held Israel*
                                                ATTORNEY


                                        18