UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAT ZHEN,

    Plaintiffs,

v.        Case No. 3:22-CV-829-TJC-MCR

TIAA, FEDERAL SAVINGS BANK,

    Defendants.

_____

## UNIFORM CASE MANAGEMENT REPORT

COME NOW Plaintiff, PAT ZHEN, and Defendant, TIAA, FSB d/b/a TIAA BANK, and in compliance with the Local Rules, respectfully submit their Uniform Case Management Report as follows:

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 8/29/2022. Plaintiff, Mr. Zhen, and counsel for Defendant, Kimberly Held Israel, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 9/28/2022 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/3/2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 12/15/2022 |
| Defendant's deadline for disclosing any expert report. | 12/29/2022 |

| | |
|---|---|
| Deadline for disclosing any rebuttal expert report. | 1/9/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 1/13/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 2/17/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Terrance Schmidt, Esq.<br>1200 Riverplace Blvd., Suite 850<br>Jacksonville, FL 32207<br>904.398.1818 | 2/28/2023 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/27/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 4/10/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 4/17/2023 |
| Month and year of the trial term. | 5/1/2023 |

The trial will last approximately two (2) days and be

☐   jury.

☐   non-jury.

The Parties do not agree on whether this matter should be set as a jury or non-jury trial. Plaintiff maintains that it should be a jury trial, while Defendants assert that it should be a non-jury trial.

3. **Description of the Action**

Plaintiff filed suit against Defendant in a multi-count Complaint, and an Amended Complaint filed thereafter, in which he attempts to allege claim for violations of 15 USC §1681n and 15 USC §1681m, as well as claims for declaratory relief and injunction under 12 USC §4307, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, unjust enrichment and breach of contract, stemming from Plaintiff's efforts to open a checking

account with Defendant, during which Plaintiff admittedly provided Defendant with the incorrect social security number. Defendant has filed its Motion to Dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff has failed to state a cause of action against Defendant upon which relief can be granted.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

3

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):
   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: Plaintiff's allegations against Defendant and Defendant's defenses to same.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒ No.
      ☐ Yes.

   E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

   F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☒ No.
      ☐ Yesdescribe the changes.

10. **Request for Special Handling**

    ☒ The parties do not request special handling.

☐   The parties request special handling. Specifically, describe requested special handling.

☐   Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒   The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Pat Zhen*  
Pat Zhen  
Pro Se Plaintiff  
Date: 9-6-22

*/s/ Kimberly Held Israel*  
Kimberly Held Israel, Esq.  
Counsel for Defendant, TIAA, FSB d/b/a  
TIAA BANK  
Date:  9-6-22